## UNITED STATES v. REDDELL.

No. 9602.

District Court, W. D. Louisiana, Shreveport Division.

Dec. 14, 1940.

Harvey G. Fields, U. S. Atty., and Malcolm E. Lafargue, Asst. U. S. Atty., both of Shreveport, La., for plaintiff.

Plauche & Plauche, of Lake Charles, La., for defendant.

DAWKINS, District Judge.

Defendant has demurred to the indictment in this case largely upon the ground that the alleged frauds or perjured testimony is charged to have been committed in testifying concerning a scheme in which the mails were "to be used" instead of alleging that they had actually been used.

Count one of the indictment, which is made by reference part of the succeeding counts, sets forth that the investigation before the grand jury in which the perjury was claimed to have been committed, involved "the violation of Section 238 of Title 18, U.S.C.A. by Martin Jefferson Reddell and other persons whose names are otherwise unknown to the grand jury, had devised or intended to devise a scheme or artifice to defraud the Highway Department of the State of Louisiana of money or property by means of fraudulent pretenses and representations and for the purpose of executing such scheme or artifice to defraud, had placed letters, packages and writings in a Post Office of the United States, thereof, etc."

Later in this first count, and in all the others, the expression is used that the material issue was as to whether or not the defendant "had in any way controlled or directed the devising of any scheme or artifice to defraud or for obtaining money or property by means of any false or fraudulent pretenses and representations and in the completion of which said scheme or artifice to defraud, the mails of the United States were to be used."

As previously indicated in the beginning of the count, it is clearly stated that the investigation involved the issue of whether or not the defendant "had mailed" letters and documents in furtherance or consummation of a scheme to defraud. It was necessary and material to determine first whether such a scheme had existed, and any testimony bearing upon that point, it seems to me, was essential as a step in ascertaining whether or not the defendant "had mailed" or caused to be mailed the documents charged.

It is my view that the indictment in all of its counts clearly charges the defendant with the crime of perjury in an investigation before the grand jury of the matters alleged and that the demurrer should be and is overruled.